IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**UNITED STATES OF AMERICA,**

vs.

**Case No. 4:97cr64-RH**
**Case No. 4:05cv109-RH/WCS**

**KUNZEA JACKSON,**

    Defendant.

_____/


## REPORT AND RECOMMENDATION TO DISMISS § 2255 MOTION

    Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255.  Doc. 311.  It appears that the motion is successive and should be summarily dismissed as this court lacks jurisdiction to consider a second or successive motion absent authorization from the Eleventh Circuit.  § 2255; 28 U.S.C. § 2244.

**Procedural History**

    Judgment was entered on June 1, 1998, and no appeal was taken from that judgment.  Doc. 116.  Defendant filed a § 2255 motion on April 21, 1999.  Doc. 130.  Claims were not set forth on the § 2255 form.  The attached pages (referenced in the motion) included an "outline of incident," followed by a number of claims.  Generally the court requires a defendant to file an amended § 2255 motion when the claims are not

set forth on the motion form itself, to avoid the possibility that claims may be missed because "buried" in an attachment, as well as for efficiency of review. The court did not review the motion for almost six months due to activity in the file pertaining to another Defendant, however, so the Government was directed to respond to the motion as filed. Doc. 141.

The Government filed a response, summarizing and opposing the claims raised. Doc. 143. The Government argued that four of the claims were waived by the guilty plea, and that the three claims of ineffective assistance of counsel were without merit. Defendant filed a response. Doc. 147 (attachment).

Addressing "[t]he claims which have been gleaned from the motion," the undersigned recommended that relief be denied with prejudice. Doc. 161. The court found the following claims procedurally defaulted because not raised at trial or on appeal: that the conviction was obtained by a coerced confession, that the prosecutor was guilty of misconduct, that there was a delay in bringing Defendant before the magistrate, and that there was an issue as to the authenticity of the search and arrest warrant. Doc. 161, pp. 1, 2 and 6. The court found Defendant's claims of ineffective assistance of counsel to be conclusory, without specifics, and insufficient to state a claim under <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Id.*, pp. 2-3.

The court addressed Defendant's claim that counsel "stated he would apply for an appeal and failed to do so." *Id.*, p. 3 (quoting the § 2255 motion). The court noted the applicable legal standard, and that Defendant's clam was conclusory and had not been repeated in response to the Government's arguments. *Id.*, pp. 3-5. Defendant

was advised that if she filed an affidavit in response to the recommendation, the claim would be remanded for an evidentiary hearing. *Id.*, p. 5.

Defendant filed an affidavit. Doc. 165. The report and recommendation was therefore adopted as the opinion of the court, denying all claims except the claim that counsel failed to file a notice of appeal on request, and that claim was remanded for an evidentiary hearing. Doc. 169.

Counsel was appointed, and an evidentiary hearing was held. Doc. 180 (minutes), doc. 182 (transcript). The parties filed written closing arguments. Docs. 183 and 188.

A second report and recommendation was entered on April 24, 2002. Doc. 190. It was recommended that this aspect of the § 2255 motion be granted. Doc. 190. The recommendation was adopted and the § 2255 motion granted in part. Doc. 212. Defendant filed a notice of appeal but it was ineffective as the court had not vacated the original judgment to restart the time for filing a notice of appeal. Doc. 231 (noting the problem, appointing counsel, and advising that the court would grant a Fed.R.Civ.P. 60(b)(6) motion). Defendant was ultimately resentenced and an amended judgment entered. Doc. 250 (transcript) and 242 (amended judgment entered on the docket on August 18, 2003).

An appeal was taken, and the judgment (as reentered) was affirmed. Doc. 276. The sole issue on appeal was whether this court erred in denying Defendant a safety valve reduction under U.S.S.G. § 5C1.2. *Id.*, p. 2.

**Current § 2255 Motion**

Defendant has again filed a § 2255 motion form, setting forth claims by attachment.  Doc. 311.  Defendant asks the court to determine whether the holdings in United States v. Booker, __ U.S. __, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005) and Blakely v. Washington, 542 U.S. __, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) apply to her case.  Doc. 311, attachment (cover page).  *See also*, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Ring v. Arizona, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002).

Defendant also asserts ineffective assistance of counsel because counsel Richard Smith (later replaced by Clyde Taylor) failed to advise her against taking a polygraph, and never asked to review the charts.  Doc. 311, attachment, p. 1.  She asserts that Clyde Taylor failed to perform adequately due to nonpayment of fees.  She lists a number of issues he failed to raise, and contends that he only had limited contact with her prior to sentencing.  *Id.*, pp. 1-10.  Defendant supports her claims by reference to the transcript of the evidentiary hearing, held on the initial § 2255 motion.  Defendant also asserts prosecutorial misconduct.  *Id.*, pp. 7-9.  JJJJ

**Legal Analysis**

"[T]o file a second or successive § 2255 motion, the movant must first file an application with the appropriate court of appeals for an order authorizing the district court to consider it.  *See* 28 U.S.C. § 2244(b)(3)(A).  Without authorization, the district

court lacks jurisdiction to consider a second or successive petition." Farris v. United States, 333 F.3d 1211, (11th Cir. 2003) (footnote and citation omitted).[1]

Defendant has not obtained authorization for filing a second or successive motion. The issue is more complicated than the usual successive motion case, however, because here an amended judgment was entered after the § 2255 motion was granted in part.

If the only issue raised and decided in the prior § 2255 proceeding had been counsel's failure to file a notice of appeal, this motion would not be considered successive. McIver v. United States, 307 F.3d 1327, 1329 (11th Cir. 2002). The court noted that:

> As a formal matter . . . McIver's present challenge is not a second or successive motion because it attacks not the judgment at issue in his earlier § 2255 motion but the *new judgment* that was entered to permit his out of time appeal . . . . Conversely, McIver's first § 2255 motion did not attack the judgment now at issue. Nor, for that matter, did the earlier motion attack the original judgment in the sense of seeking to have a conviction overturned, or sentence vacated. Rather, McIver's first § 2255 motion sought only the opportunity to prosecute a direct appeal, which might or might not have led (and, in fact, did not lead) to the reversal of his conviction and sentence.

*Id.*, at 1330 (footnote omitted). The court reasoned that, "[s]ince a defendant who prosecutes a timely appeal is entitled thereafter to bring a collateral attack on the judgment, a defendant who wins an out-of-time appeal must also be entitled to one full

---

[1] In the footnote, it was noted that "[t]he appellate court, in turn, must certify that the second or successive § 2255 motion contains: '(1) newly discovered evidence that, if proven and viewed in [the] light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.' See 28 U.S.C. § 2255." *Id.*, n. 4.

and fair collateral attack." *Id.* (citation omitted). If the prisoner denied an out of time appeal had to "plead all collateral claims alongside the request for an out of time appeal," such that other claims would later be foreclosed, "such a rule would place defendants denied an appeal by ineffective counsel at a considerable disadvantage relative to ones able to bring collateral claims after prosecuting a direct appeal." *Id.*, at 1331-32.

The court noted by footnote that "[a]lthough we reject the Government's contention that prisoners *must* file any collateral challenges in their § 2255 motion seeking an out-of-time appeal, we recognize that prisoners *may* proceed in this manner should they so choose." *Id.*, at 1331, n. 2. In such a situation:

> We think the best approach is to dismiss without prejudice or hold in abeyance the resolution of remaining collateral claims pending the direct appeal. There are significant inefficiencies to any other approach. If the district court were to deny a collateral claim under a different standard of review than applies on direct appeal, then the defendant might be entitled to relitigate the same claim in his reinstated direct appeal. Moreover, both the government and the petitioner could pursue collateral appellate proceedings on other claims that the outcome of the direct appeal might render unnecessary. Although [we previously] instructed district courts to resolve all claims in petitions brought pursuant to 28 U.S.C. § 2254, equally clear precedent of this Court directs that collateral claims should not be entertained while a direct appeal is pending. Once the court has determined that the petitioner is entitled to a direct appeal, such an appeal is "pending" for all relevant policy purposes.

*Id.* (citations omitted). The court held that the reimposition of sentence to allow an out-of-time appeal "resets to zero the counter of collateral attacks pursued," and does not render a later motion second or successive. *Id.*, at 1332, *quoting* Shepeck v. United States, 150 F.3d 800, 801 (7th Cir. 1998).

Here Defendant presented a failure to appeal claim in the mix with a number of other claims. Indeed, it was unclear at the time of the first report and recommendation whether Defendant was entitled to a hearing on the appeal claim. In this court's experience, it is not uncommon for a vague failure to appeal claim to be included with other § 2255 claims. When this occurs, this court requires an affidavit setting forth specific facts (such as when defendant made the request, counsel's response, and any further discussions) and (if appropriate) appoints counsel for purposes of an evidentiary hearing. If a hearing is held, the court generally will dispose of most (if not all) of the other § 2255 claims on the record, to narrow the focus of the hearing.

In this case, it is because Defendant was *granted* relief and therefore able to prosecute an untimely appeal that the question arises whether a subsequent § 2255 motion is successive. In the court's experience there are many other cases where there is no basis for allowing an out of time appeal, or even for appointing counsel or holding a hearing once the affidavit has been filed. To say that a defendant does not have to include all other claims in a § 2255 motion seeking an out-of-time appeal must on some level presuppose that the belated appeal claim is valid; *i.e.*, that the defendant will win an appeal and should therefore be restored to the position he would have been in had counsel filed a timely notice of appeal in the first instance. If that happens, as it did for Defendant McIver (and, as it turns out, Defendant Jackson), then it makes sense that all other claims should be brought after the direct appeal mandate issues. But if the appeal claim is not meritorious (as is often the case), to allow resolution of that claim before any others must be *pleaded* would mean that defendants could file that one claim and wait – perhaps far beyond the one year limitations period – to plead any other claims.

Case Nos. 4:97cr64-RH and 4:05cv109-RH/WCS

In hindsight, once it was determined that a belated appeal was warranted in this case, the undersigned might have recommended summary dismissal of other claims without prejudice. But that is not what happened. Instead, the other claims were adjudicated first, and the right to appeal claim was remanded to me for an evidentiary hearing. Thus, the other claims were adjudicated before it could be said that a direct appeal was pending. Also, the claims currently before the court have nothing to do with Defendant's resentencing or the appeal, but pertain to the original judgment. *See* Walker v. Crosby, 341 F.3d 1240, 1245 n. 4 (11th Cir. 2003) (collecting cases from other circuits suggesting that the court should separate new claims challenging resentencing from old claims which could have been raised in initial motion for relief).

On the current record, Defendant is actually in a better position for purposes of pleading her § 2255 claims than if she had a direct appeal from the original judgment without the intervening § 2255 proceeding. Specifically, Defendant has the benefit of the § 2255 transcript, which is referenced within her current § 2255 claims. Further, appellate counsel had the benefit of the original § 2255 motion and the report and recommendation, for purposes of determining which claims Defendant wanted to raise but were defaulted from § 2255 review because not pursued on appeal.

Given that the court previously denied a § 2255 motion with prejudice as to all but one claim, the current § 2255 motion containing claims which did not arise as a

result of the reentry of sentence and appeal[2] must be deemed a second or successive motion, which may not be considered absent authorization from the Eleventh Circuit.

Though it is recommended that the § 2255 be summarily dismissed, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner" and the issues "deserve encouragement to proceed further."  Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000); Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 103 S.Ct. 3383, 3394, n. 4, 77 L.Ed.2d 1090 (1983).  It is therefore further recommended that a certificate of appealability be granted for appeal pursuant to § 2253(c).  It is also recommended that leave to proceed in forma pauperis on appeal be granted.[3]

**Recommendation**

It is therefore respectfully **RECOMMENDED** that Defendant Jackson's § 2255 motion (doc. 311) be **SUMMARILY DISMISSED** because it is a second or successive motion and authorization for filing has not been granted by the court of appeals.  It is further **RECOMMENDED** that, if this recommendation is adopted and Defendant files a

---

[2] By contrast, if Defendant had a claim of ineffectiveness of appellate counsel (which could not have existed until the prior § 2255 was granted and the appeal allowed), it could be presented in a § 2255 motion and would not be considered second or successive.  Walker, 341 F.3d at 1245, n. 4.

[3] If this court has correctly determined that this is a second or successive § 2255 motion, then it lacks jurisdiction to consider it or to issue a certificate of appealability. Boone v. Secretary, Dept. of Corrections, 377 F.3d 1315,1317 (11th Cir. 2004).  A certificate of appealability is nonetheless required for the appeal.  Cf. Gonzalez, 366 F.3d at 1263-64 (a certificate of appealability is required to appeal denial of Fed.R.Civ.P. 60(b) motion to reopen earlier order denying § 2254 or § 2255).  Another (perhaps quicker) way for Defendant to obtain review would be to file an application for leave to file a second or successive § 2255 motion with the Eleventh Circuit.  Defendant must use the appropriate form provided upon request by the Clerk of the Eleventh Circuit (56 Forsyth Street N.W., Atlanta, GA 30303).  11th Cir. Rule 22-2(a).

Case Nos. 4:97cr64-RH and 4:05cv109-RH/WCS

notice of appeal, a certificate of appealability be **ISSUED** and leave to proceed in forma pauperis be **GRANTED**.

  **IN CHAMBERS** at Tallahassee, Florida, on April 6, 2005.


        s/ William C. Sherrill, Jr.
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

 A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.