# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 4:97cr64-RH/WCS
     4:05cv109-RH/WCS

KUNZEA JACKSON,

    Defendant.

_____/

## ORDER DENYING §2255 MOTION

Defendant Kunzea Jackson was convicted and sentenced. Judgment was entered. She did not appeal.

Ms. Jackson filed a motion under 28 U.S.C. §2255 asserting that her attorney rendered ineffective assistance by failing to file a notice of appeal. The §2255 motion also asserted other grounds for relief from the conviction and sentence. The claim of ineffective assistance in failing to file a notice of appeal was sustained. All other grounds for relief were rejected. As appropriate when an attorney ineffectively fails to file a notice of appeal, the original judgment was vacated, the same sentence was reimposed, and a new judgment was entered. Ms. Jackson filed a notice of appeal, and the conviction and sentence were affirmed.

Ms. Jackson now has filed another §2255 motion. The motion is before the court on the magistrate judge's report and recommendation (document 312), to which no objections have been filed. The report and recommendation concludes that this is a second or successive §2255 motion that must be dismissed for lack of jurisdiction.

After entry of the report and recommendation, the United States Court of Appeals for the Eleventh Circuit entered an order denying an application Ms. Jackson submitted to that court seeking authorization to file a second or successive motion. The Eleventh Circuit noted that two claims asserted by Ms. Jackson in her application to that court were *not* second or successive and that authorization to pursue those claims in this district court thus was not required. The Eleventh Circuit said that all other claims identified by Ms. Jackson *were* second or successive, and the court denied authorization to pursue those claims. The report and recommendation is clearly correct with respect to the claims the Eleventh Circuit said were second or successive.

The two claims the Eleventh Circuit said were *not* second or successive were Ms. Jackson's assertions that her sentence was imposed in violation of *United States v. Booker*, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), and that her appellate counsel rendered ineffective assistance.

The *Booker* claim is plainly unfounded. The Eleventh Circuit has squarely

held *Booker* not retroactively applicable to cases on collateral review.  *See Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to §2255 cases on collateral review."). Ms. Jackson's case is here on collateral review, and her *Booker* claim thus fails.[1]

Any ineffective assistance of appellate counsel claim also fails.  First, in her motion as filed in this court, Ms. Jackson has not asserted ineffective assistance of appellate counsel.  Second, if her claim is that her attorney was ineffective for failing to raise a *Booker* claim (and neither her motion in this court nor the Eleventh Circuit's description of her application in that court gives any hint of any *other* basis for a claim of ineffective assistance of appellate counsel), then the ineffectiveness claim fails on the merits.  The Eleventh Circuit issued its opinion

---

[1] *Booker* is an application of the principle that began with *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).  The principle was applied to the federal sentencing guidelines in *Booker*.  This line of cases recognizes two rights:  first, the right to trial by jury with respect to any fact (other than a prior conviction) that would increase the maximum sentence that could be imposed on a defendant; and second, the right to have any such fact established by proof beyond a reasonable doubt.  The Supreme Court has held that the jury-right component of the *Apprendi* principle is not retroactively applicable to cases on collateral review.  *See Schriro v. Summerlin*, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004).  As an original matter, one could argue either side of the issue whether the same should be true of the proof-beyond-a-reasonable-doubt component of the *Apprendi* principle.  Decisions of the Eleventh Circuit, however, foreclose, at least at the district court level, any assertion that the proof-beyond-a-reasonable doubt component of *Apprendi* can be raised on collateral review.  *See, e.g., Varela.*

affirming Ms. Jackson's conviction on direct appeal on March 23, 2004. That was three months *before* the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). Prior to *Blakely*, no court had applied the *Apprendi* principle to a guidelines sentencing system. Failure to anticipate *Blakely* or *Booker* was not ineffective.

In sum, Ms. Jackson's §2255 motion is second or successive except with respect to her *Booker* claim and any claim of ineffective assistance of appellate counsel. The *Booker* claim is unfounded because *Booker* is not retroactively applicable on collateral review. No ineffective assistance of appellate counsel claim has been made in the motion at all, but to the extent the reference to *Booker* could be deemed to assert a claim for failure of appellate counsel to raise a *Booker* issue, counsel was not ineffective. Accordingly,

IT IS ORDERED:

The report and recommendation (document 312) is ACCEPTED and adopted as the further opinion of the court. Defendant Kunzea Jackson's motion under 28 U.S.C. §2255 (document 311) is DENIED, partly as second or successive

and thus beyond the court's jurisdiction, and partly as unfounded. The clerk shall enter judgment and close the file.

SO ORDERED this 7th day of October, 2005.

s/Robert L. Hinkle  
Chief United States District Judge